**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **ODALYS REYES MOLLINEDO,** | **CONSOLIDATED CASE NO.:** |
| and **HUMBERTO A. SUAREZ,** | **14-cv-22098  Leonard/Goodman** |
| **Plaintiff,** | |

**v.**

**TENDER TOUCH HOME HEALTH, LLC,**
**MARIA DELGADO and GUILLERMO**
**DELGADO,**
      **Defendants,**

**YAIMA GARCIA, et. al.,**
      **Plaintiffs,**

**v.**

**TENDER TOUCH HOME HEALTH, LLC,**
**GUILLERMO DELGADO, MARIA**
**DELGADO, ROBERTO SURIS and**
**LEANNE VELEZ,**
      **Defendants.**

_____/

**MOTION TO STAY DISCOVERY PENDING RESOLUTION**
**OF CRIMINAL PROCEEDINGS**

COME NOW Defendants Tender Touch Home Health, LLC, Guillermo Delgado, Maria

Delgado and Leanne Velez (collectively "Defendants"), by and through undersigned counsel,

and move this Court to grant their Motion to Stay Discovery Pending Resolution of Criminal

Proceedings.  In support of their Motion, Defendants state as follows:

1.      Defendant Guillermo Delgado ("Mr. Delgado") was arrested on May 12, 2014 on charges

of conspiracy to commit Medicare fraud, and money laundering.

2.      Defendant Tender Touch Home Health, LLC ("Tender Touch") was dissolved on May

31, 2014.

3.     In June of 2014, approximately forty plaintiffs, in two separate actions, filed suit against Defendants alleging they were not paid by Tender Touch for time worked.  Plaintiffs also asserted causes of actions under the Fair Labor Standards Act ("FLSA").  By including FLSA causes of action, plaintiffs gave themselves a device by which to go after individuals they now allege were FLSA "employers" for Tender Touch.

4.     Defendant Guillermo Delgado ("Mr. Delgado") is alleged to be one such "employer" of Tender Touch.

5.     Without getting into the merits of this action, Defendants intend to show that plaintiffs were independent contractors who are merely upset that Tender Touch had to close its doors. Defendants also intend to show that even if plaintiffs were employees, and not independent contractors, that Defendants were not "employers" under the FLSA.

6.     Mr. Delgado must plead the Fifth Amendment.

7.     Without Mr. Delgado's testimony, plaintiffs would be entitled to automatic summary judgment.  For example, plaintiffs have alleged that Mr. Delgado was in charge of the day-to-day operations of the business and that Mr. Delgado acted directly in the interest of Tender Touch "in relation to its employees."  If a stay were not entered, Mr. Delgado would be unable to contest any of the allegations concerning his day-to-day involvement at Tender Touch, if any. Moreover, Mr. Delgado's inability to testify would further prejudice co-Defendants as they would be deprived of critical testimony necessary for their defense that Mr. Delgado, alone, could provide.  Surely, these represent special circumstances warranting a stay of this civil action.

8.      Mr. Delgado's criminal trial is currently scheduled for January 12, 2015.  *See* Order dated 07/25/14 [D.E. 75] from Case No. 14-mj-2581-AOR, pending before the Southern District of Florida.

9.      The discovery deadline in this case is May 31, 2015, which will allow the Parties sufficient time to wrap up discovery upon the resolution of Mr. Delgado's criminal matter.

## MEMORANDUM OF LAW

"District courts have broad discretion in deciding whether to stay proceedings." *Ventura v. Brosky*, 2006 WL 3392207, at *1 (S.D. Fla. Nov. 21, 2006).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel and for litigants."  *U.S. v. Pinnacle Quest Intern.*, 2008 WL 4274498, at *1 (N.D. Fla. Sept. 11, 2008).  "Situations where a defendant in both criminal and civil proceedings must choose between whether to waive his privilege against self-incrimination or to lose the civil case in summary judgment proceedings have met this test's burden and warrant a stay." *Ventura*, 2006 WL 3392207 at *1.

The factors generally considered by federal courts in the State of Florida are "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Pinnacle Quest Intern.*, 2008 WL 4274498, at *1.

In this case, the plaintiffs would not be prejudiced.  Mr. Delgado is set to go to trial on January 12, 2015.  The discovery deadline is May 31, 2015.  Even if we were to assume that the

3

trial could last two weeks, the Parties would still have four full months to conduct discovery.  In contrast, in the absence of a stay, the Defendants would be greatly prejudiced.  Without Mr. Delgado's testimony, Mr. Delgado and his co-Defendants would be facing the specter of certain defeat on summary judgment.  The stay requested herein shall not inconvenience the Court, or its management of the case.[1]

The special circumstances in this case warrant a stay of discovery pending resolution of Mr. Delgado's criminal proceedings.   The stay requested herein is reasonable.

WHEREFORE Defendants Tender Touch Home Health, LLC, Guillermo Delgado, Maria Delgado and Leanne Velez respectfully request this Court grant their Motion and enter an order in accordance therewith.

---

[1] There are no interested persons that are not parties to this action.  Moreover, there is no public interest in the pending civil action.

## CERTIFICATE OF CONFERAL

I HEREBY CERTIFY, pursuant to Local Rule 7.1 (a)(3), that I made reasonable attempts to resolve this matter prior to filing the foregoing Motion. The undersigned discussed this matter with Mr. Jeffrey Manners, counsel for plaintiffs, via email.  Mr. Alan Stone, counsel for plaintiffs, was copied on this exchange of emails.  The undersigned did not receive a response from Mr. Stone.  The undersigned has been informed by Mr. Manners that Plaintiffs object to the relief sought herein.

Respectfully submitted,


/s/ Ramiro C. Areces_____
Ramiro C. Areces
Florida Bar No. 58148
Ramiro C. Areces, P.A.
2655 S. Le Jeune Road
Fifth Floor
Coral Gables, FL  33134
(305) 443-1131
rca@arecespa.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via email to Jeff Manners, Esq. and Alan Stone, Esq., as well as all other counsel of record, via the Court's CM/ECF system on this 22nd day of October 2014.


**/s/ Ramiro C. Areces**_____
Ramiro C. Areces